■ BEATRICE EARLE et al., Plaintiffs, v. CITY OF NEW YORK, Defendant, and TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Defendant and Third-Party Plaintiff-Respondent; ANDREWS, CLARK & BUCKLEY, Third-Party Defendants-Appellants.— In an action to recover damages for injury to person and property sustained by plaintiffs when their automobile struck a guardrail and came into contact with a protruding beam or railing on the Long Island Expressway, which is operated and maintained by the defendant Triborough Bridge and Tunnel Authority, in which the latter served a third-party complaint upon Andrews, Clark & Buckley, an engineering firm (called "Engineers") with whom the Authority had contracted to provide over-all engineering supervision and inspection services for the construction of the Expressway, the Engineers appeal from an order of the Supreme Court, Queens County, entered January 5, 1965, which denied their motion to dismiss the third-party complaint as legally insufficient and for summary judgment accordingly, pursuant to statute (CPLR 3211, subd. [a], par. 7; 3212). Order reversed, with $10 costs and disbursements; motion granted; and third-party complaint dismissed, with costs. The main complaint alleges, in substance, that the defendants negligently: (a) designed the guardrail, with the rail beam protruding beyond the rail post; (b) placed the guardrail too close to the roadway; and (c) maintained the guardrail and roadway in such manner as to constitute a danger and a hazard. In its third-party complaint, the Authority alleges, as a first cause of action, that if the plaintiffs sustained injuries and damages as alleged in the main complaint, such injuries and damages were occasioned by the affirmative negligence of the Engineers; and that any negligence of the Authority was passive only. As a second cause of action, the Authority alleges that its contract with the Engineers contained a provision whereby the latter agreed to indemnify it for any expense which it sustained as a result of any negligence on the part of the Engineers in the performance of their services under the contract. The answer to the third-party complaint consists of denials. The allegations of the main complaint, which the third-party complaint repeats verbatim and which for present purposes must be accepted as true, are of obvious or patent defects. The Authority admitted, upon pretrial examination, that it had made an inspection of the railing in question prior to its final acceptance of the work about two years before the accident, and that since such acceptance it has maintained the allegedly defective condition. In the circumstances, the Authority is chargeable with *actual notice,* and may not be heard to say that it is a passive tort-feasor only, or that it is not *in pari delicto* with the third-party defendant (cf. *Inman* v. *Binghamton Housing Auth.,* 3 N Y 2d 137; see, also, *Bush Term. Bldgs. Co.* v. *Luckenbach S. S. Co.,* 9 N Y 2d 426, 430). In *Jackson* v. *Associated Dry Goods Corp.* (13 N Y 2d 112), relied upon by the Authority, the third-

party plaintiff was chargeable only with *constructive notice* (of 75 minutes duration) of an allegedly dangerous condition which had been created by the third-party defendant contractor. Hence, here the first cause of action in the third-party complaint is insufficient. The second cause of action of the third-party complaint is also legally insufficient. The indemnity clause in the contract merely obligates the Engineers to indemnify the Authority for the Engineers' negligent acts. It does not express, in unequivocal terms, an intention to indemnify the Authority for its own negligence (see *Inman* v. *Binghamton Housing Auth.*, 3 N Y 2d 137, 148, *supra*). Ughetta, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.